**2017 BNH 008**

_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:                                                          Bk. No. 11-10400-BAH
                                                                Chapter 13

Shawn P. Ladona,
                    Debtor


_David E. LeFevre, Esq._                   _Michael McCormack, Esq._
_Tarbell & Brodich, P.A._                  _James M. Strandjord, Esq._
_Concord, NH_                              _United States Department of Justice_
_Attorney for the Debtor_                  _Concord, NH and Washington, D.C._
                                           _Attorneys for the United States of America on_
                                           _behalf of the Internal Revenue Service_


## MEMORANDUM OPINION

## I. INTRODUCTION

The matters before the Court are the Motion for Contempt and Sanctions[1] (the "Motion for

Contempt") filed by Shawn P. Ladona (the "Debtor") and the objection thereto[2] filed by the United

States of America on behalf of the Internal Revenue Service (the "IRS").  Through the Motion for

Contempt, the Debtor requests that sanctions be imposed against the IRS for allegedly violating

the discharge injunction by executing a set-off of the Debtor's Massachusetts tax refund against

the accrued interest on the Debtor's 2009 federal income taxes, which he previously paid through

his Chapter 13 plan.  For the reasons set forth below, the Court will deny the Motion for Contempt.

_____

[1] Doc. No. 54.

[2] Doc. No. 63.

## II. JURISDICTION

This Court has authority to exercise jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 157(a), 1334, and U.S. District Court for the District of New Hampshire Local Rule 77.4(a).  This is a core proceeding under 28 U.S.C. § 157(b)(2).

## III. FACTS

The facts are undisputed.  The Debtor filed a Chapter 13 petition on February 7, 2011.  On the same date, he filed a Chapter 13 Plan (the "Plan") providing for monthly payments in the amount of $800.00 over five years.  Through the Plan, the Debtor proposed to pay the IRS a priority claim in the amount of $26,283.00 without interest.  The Plan further estimated that general unsecured creditors would receive a 5% dividend on their claims.

On February 18, 2011, the IRS filed a proof of claim in the amount of $31,300.00 for unpaid taxes (the "Claim").  The Claim indicated that the entire amount was entitled to priority pursuant to 11 U.S.C. § 507(a)(8).  The attachment to the Claim itemized the amount as follows:

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due |
| --- | --- | --- | --- |
| INCOME | 12/31/2009 | Unassessed-No Return | $26,300.00 |
| INCOME | 12/31/2010 | NOT FILED | $5,000.00 |

On March 9, 2011, the IRS filed an amended proof of claim, increasing the total amount due to $36,120.97, but reducing the priority claim to $28,692.20 (the "Amended Claim").  The attachment to the Amended Claim reflected these changes as follows:

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- |
| INCOME | 12/31/2009 | 03/21/2011 | $26,283.00 | $844.20 |
| INCOME | 12/31/2010 | PER Return | $1,565.00 | $0.00 |

2

The supporting document further indicates that the IRS assessed a penalty in the amount of $7,428.77.

On April 1, 2011, the Court entered an order modifying the amount to be paid to the IRS to conform to $28,692 (rounded) listed in the Amended Claim and confirming the Plan.  On May 3, 2016, the Chapter 13 trustee (the "Trustee") filed an interim report indicating that the Debtor had completed all payment obligations under the Plan, had filed the Certificate of Debtor Education and the Debtor's Affidavit Regarding Discharge, and was entitled to a discharge under 11 U.S.C. § 1328(a).  The same day, the Court entered an order discharging the Debtor.  The case was closed on July 1, 2016.

On November 17, 2016, the Debtor moved to reopen his case for the purpose of seeking sanctions against the IRS for purportedly violating the discharge injunction.  The Court granted the motion to reopen on the same date, and the Motion for Contempt immediately followed.  In the Motion for Contempt, the Debtor asserted that despite having paid the IRS $28,692.00 on account of his 2009 and 2010 income tax liability through the Plan, the Debtor received a certified letter from the IRS on June 24, 2016, alleging that he owed $9,406.46 for penalties and post-petition interest attributable to the 2009 tax year.  Upon receipt of the certified letter, the Debtor's counsel began exchanging emails with the IRS, but the parties took differing positions as to the effect of the Debtor's discharge on the IRS's entitlement to post-petition interest for the 2009 taxes.[3]  On August 26, 2016, the IRS executed a set-off in the amount of $3,182.40 against the Debtor's Massachusetts state income tax refund.  On September 13, 2016, the Debtor paid, "under protest and without prejudice," an additional $571.06 to the IRS to satisfy the alleged remaining

---

[3] After discussion, the parties agreed that the penalties were dischargeable.

3

2009 tax liability.  The Debtor now seeks actual damages and attorney's fees as sanctions for the collection of a discharged debt.

On December 21, 2016, the IRS filed an objection to the Motion for Contempt, asserting that the penalties and post-petition interest due for the 2009 tax year were not paid through the Plan.  The Court heard the Motion for Contempt on December 28, 2016.  At the hearing, the IRS took the position that the Amended Claim was entitled to priority treatment under 11 U.S.C. § 507(a)(8) and was nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i), and therefore, interest continued to accrue post-petition.  The Debtor, on the other hand, argued that a nondischargeable tax claim under 11 U.S.C. § 523(a)(1)(B)(i) is expressly not entitled to priority treatment under 11 U.S.C. § 507(a)(8)(A)(iii).  As a result, the Debtor posits that because the Amended Claim was filed as a priority claim and paid accordingly, the IRS is now barred from asserting that it was instead a nondischargeable tax claim.

In light of the complexity of the statutory arguments made by Debtor's counsel, the Court took the matter under advisement and ordered further briefing.  The Debtor filed a memorandum in support of the Motion for Contempt on January 24, 2017.  The IRS filed a responsive memorandum on February 22, 2017.  The Debtor filed a further reply on March 7, 2017.

## IV. DISCUSSION[4]

From the outset, the parties agree that the Debtor's 2009 tax liability was entitled to priority treatment under 11 U.S.C. § 507(a)(8)(A)(i).  That subsection provides eighth level priority to

> a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition . . . for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition.

---

[4] Because the resolution of this matter involves the interplay of several provisions of the Bankruptcy Code, the Court will forgo its usual practice of summarizing the parties' arguments in an effort to avoid confusion.

11 U.S.C. § 507(a)(8)(A)(i).  Starting with that premise, the remaining question is whether that

debt was discharged in the Debtor's Chapter 13 case.

>    Pursuant to 11 U.S.C. § 1328(a), a discharge under Chapter 13 discharges the Debtor
>
>    of all debts provided for by the plan or disallowed under section 502 of this title,
>    except any debt . . . of the kind specified in section 507(a)(8)(C) or in paragraph
>    (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a).

11 U.S.C. § 1328(a)(2).  Next, 11 U.S.C. § 523(a)(1) provides:

>    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title
>    does not discharge an individual debtor from any debt—
>
>    >    (1) for a tax or a customs duty—
>    >
>    >    >    (A) of the kind and for the periods specified in section 507(a)(3) or
>    >    >    507(a)(8) of this title, whether or not a claim for such tax was filed
>    >    >    or allowed;
>    >    >
>    >    >    (B) with respect to which a return, or equivalent report or notice, if
>    >    >    required—
>    >    >
>    >    >    >    (i) was not filed or given; or
>    >    >    >
>    >    >    >    (ii) was filed or given after the date on which such return,
>    >    >    >    report, or notice was last due, under applicable law or under
>    >    >    >    any extension, and after two years before the date of the
>    >    >    >    filing of the petition . . .

11 U.S.C. § 523(a)(1)(A), (B).  An additional unnumbered "hanging paragraph" defines the term

"return" for purposes of this subsection as one "that satisfies the requirements of applicable

nonbankruptcy law (including applicable filing requirements)."  11 U.S.C. § 523(a)(*).  In Fahey

v. Mass. Dep't of Rev. (In re Fahey), 779 F.3d 1, 4 (1st Cir. 2015), the United States Court of

Appeals for the First Circuit held that late-filed tax returns, by definition, fail to satisfy the filing

requirements of applicable nonbankruptcy law, and are not "returns" for dischargeability purposes.

Notably, based on their exclusion from 11 U.S.C. § 1328(a)(2), priority tax debts under 11 U.S.C.

§ 523(a)(1)(A) are dischargeable in Chapter 13 cases, while tax debts arising from "unfiled" returns under 11 U.S.C. § 523(a)(1)(B) are not.

Here, there is no dispute that the Debtor's 2009 tax return was filed late, and therefore, is not a "return" under 11 U.S.C. § 523(a)(1)(B).  As a result, it naturally follows that the 2009 tax liabilities arising from the late return are excepted from discharge under 11 U.S.C. §§ 523(a)(1)(B) and 1328(a)(2).  The Debtor agrees that the 2009 tax liability "appears to fall within the category of taxes not dischargeable" in Chapter 13, but argues that the 2009 taxes are also priority claims under 11 U.S.C. § 507(a)(8), which are dischargeable in Chapter 13.[5]  Asserting that "a debt cannot be both dischargeable and nondischargeable," the Debtor urges the Court to resolve the conflict in his favor.[6]

Contrary to the Debtor's assertion, the Court finds that there is no conflict.  While exceptions to discharge are narrowly construed, see Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997), not all subsections of 11 U.S.C. § 523(a) are mutually exclusive.  See, e.g., Printy v. Dean Witter Reynolds, Inc., 110 F.3d 853, 858 (1st Cir. 1997) (holding that 11 U.S.C. §§ 523(a)(2)(A) and (a)(6) are not mutually exclusive); but see Douglas v. Kosinski (In re Kosinski), 424 B.R. 599, 608 (B.A.P. 1st Cir. 2010) (holding 11 U.S.C. §§ 523(a)(2)(A) and (a)(2)(B) are mutually exclusive).  Factually, the Debtor's tax return was due less than three years prior to the filing of his bankruptcy petition, and therefore, the tax was entitled to priority treatment under 11 U.S.C. § 507(a)(8)(A)(i).  Under normal circumstances, that priority tax debt would fall solely under 11 U.S.C. § 523(a)(1)(A), and not be excepted from discharge under 11 U.S.C. § 1328(a)(2).  Nevertheless, by virtue of the Debtor's failure to file his tax return timely, the priority debt also

---

[5] Doc. No. 66 at 4.

[6] Id. at 6.

acquired the characteristics associated with a late-filed return under 11 U.S.C. § 532(a)(1)(B)—an enumerated exception under 11 U.S.C. § 1328(a)(2)—and became excepted from discharge.  As recognized by the First Circuit, "there is hardly anything 'unfathomable,' 'draconian,' or 'absurd' in the notion that Congress might disfavor debtors who both fail to pay their taxes and also fail to timely file the returns that would alert the taxing authority to the failure to pay."  In re Fahey, 779 F.3d at 9.  Thus, the debt is not "both dischargeable and nondischargeable;" it is simply nondischargeable because at least one exception to discharge applied to the debt.

A debtor's personal liability for post-petition interest on a nondischargeable tax claim survives bankruptcy to the extent that it is not provided for by the plan.  U.S. v. Monahan (In re Monahan), 497 B.R. 642, 649-50 (B.A.P. 1st Cir. 2013) (applying the rationale of Bruning v. United States, 376 U.S. 358 (1964) to cases under the Bankruptcy Code).  Pursuant to 11 U.S.C. § 1322(b)(10), a plan may only provide for the payment of post-petition interest on "unsecured claims that are nondischargeable under section 1328(a)," when "the debtor has disposable income available to pay such interest after making provision for full payment of all allowed claims."  Here, the Plan did not provide for payment in full of all allowed claims, and thus could not, as a matter of law, provide for the payment of post-petition interest on the IRS's claim.  Although the IRS was barred from attempting to collect such interest during the term of the Plan by the automatic stay, it continued to accrue and was not discharged.  Id. at 649.

In sum, the Court concludes that the Debtor's 2009 tax liability was not discharged, and that post-petition interest, which was not provided for by the Plan, continued to accrue on the claim during the pendency of the Debtor's case.  As a result, the discharge injunction does not bar the collection of the amount of that interest.  Therefore, the Motion for Contempt must be denied.

**V. CONCLUSION**

For the reasons articulated above, the Court denies the Motion for Contempt. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052. The Court will issue a separate order consistent with this opinion.

ENTERED at Manchester, New Hampshire.

Dated: June 2, 2017                         /s/ Bruce A. Harwood
                                            Bruce A. Harwood
                                            Chief Bankruptcy Judge